CITY OF RENO, NEVADA, A MUNICIPAL CORPORATION, AND ANGELO PAPPAS, APPELLANTS, *v.* JAMES V. SPEAR, RESPONDENT.

No. 4062

September 18, 1958.          329 P.2d 875.

*Vargas, Dillon & Bartlett,* of Reno, for Appellants.

*Peter Echeverria,* of Reno, for Respondent.

**OPINION**

By the Court, BADT, C. J.:

This appeal is from a judgment on a verdict in favor of respondent Spear for $5,650.40 against appellants, growing out of a collision of automobiles driven by the respective parties at the intersection of Willow and High Streets in the City of Reno. In addition to the general verdict, the jury answered special interrogatories as follows: (1) Was the defendant Angelo Pappas negligent in the manner charged in plaintiff's complaint? A. Yes. (2) Did such negligence, if any you find, proximately cause the accident? A. Yes. (3) Was the plaintiff, James V. Spear, negligent or careless in any degree, however slight? A. No. (5) Did the plaintiff, James V. Spear, by his own negligence get himself into a position of danger? A. No.

Appellants assign the following as errors entitling them to a reversal, with direction of judgment for the defendants or, in the alternative, for a new trial.

(1) That the evidence of negligence on the part of plaintiff is so strong as to be unavoidable and conclusive;

(2) that it was reversible error to give last clear chance instructions because the physical facts and the testimony of plaintiff preclude the application of that doctrine; (3) prejudicial misconduct of plaintiff's counsel, depriving the defendants of a fair trial.

(1) No purpose would be served, either for the determination of the present case or as precedent for future cases, by reviewing the evidence. Testimony was adduced to the effect that the plaintiff was in the intersection first and approaching from defendants' right. Evidence as to the speed at which the respective cars were traveling was conflicting. The court's instructions apprised the jury of the city ordinances involved: The duty of a driver of a vehicle approaching an intersection to yield the right of way to one that has already entered the intersection; when two vehicles enter the intersection from different streets at the same time, the duty of the driver on the left to yield the right of way to the vehicle on the right; the 15 miles per hour speed restriction on going through a street intersection; that it is unlawful to drive in a reckless manner or in other than a careful or prudent manner, with further like provisions. The questions involved in the special interrogatories above quoted were clearly questions for the jury. The jury's answer to those questions, as well as the general verdict, find substantial support in the evidence. The learned trial judge, who, like the jury, observed the witnesses and was able to judge of their credibility, denied a motion for new trial. We must conclude that the first assignment of error is not well taken.

(2) Irrespective of whether or not the record may be said to preclude the application of the doctrine of last clear chance, we are unable to conclude that the giving of last clear chance instructions was prejudicial. We have noted the jury's special findings of the defendants' negligence proximately causing the accident, the absence of any negligence on the part of the plaintiff and the further finding that the plaintiff did not by his own negligence get himself into a position of danger. The jury was instructed that if it thus answered the last

interrogatory, it need not answer the following five or more interrogatories. Such following interrogatories had to do with the further elements of last clear chance—that it was impossible for the plaintiff to extricate himself from the danger, or that he was totally unaware of it, that the defendant, by the exercise of ordinary care, could have seen the plaintiff in his position of danger and that he was either unaware of it or unable to extricate himself, that defendant, by the exercise of ordinary care, would have had a clear opportunity to avoid the accident and could have done so but that he did not exercise ordinary care to avoid the accident. The jury followed the court's instructions by not answering these further questions involving the doctrine after finding that the plaintiff had not got himself into a position of danger by his own negligence. The authorities cited by appellants fail to support the contention that under such circumstances the giving of last clear chance instructions was prejudicial.

(3) We find no merit to the contention that the asserted prejudicial misconduct of plaintiff's counsel deprived the defendants of a fair trial. Again, reference to the record would serve no beneficial purpose. There was much rough-and-ready give and take between counsel. Counsel for defendants returned blow for blow, and, for the most part, invited the returns of counsel for plaintiff.[1] Neither side at any time moved for a mistrial.

Affirmed with costs.

EATHER and MERRILL, JJ., concur.

---

[1]Not that we agree with respondent's analysis of appellants' position as contending that "the conduct of plaintiff's counsel unhorsed the wheels of justice." The metaphor is too mixed for us to follow.